O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MOISES CERVANTES, | ) | Case No. CV 13-02217 DDP (Ex) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| v. | ) | **TO REOPEN CASE** |
| | ) | |
| HOMEWARD RESIDENTIAL, INC., | ) | |
| | ) | [Dkt. No. 9] |
| Defendant. | ) | |
| _____ | ) | |

    Presently before the court is Plaintiff Moises Cervantes' Motion to Reopen Case.  On April 4, 2013, Defendant filed a Notice of Motion and Motion to Dismiss Plaintiff's complaint.  The hearing on Defendant's motion was set for May 13, 2013.

    Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. CAL. L.R. 7-9.  Additionally, Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. CAL. L.R. 7-12.

1     Plaintiff's opposition was therefore due by April 22, 2013.
2  Plaintiff, represented by counsel, did not file an opposition or
3  any other filing that could be construed as a request for a
4  continuance.  Accordingly, the court deemed Plaintiff's failure to
5  oppose as consent to granting the motion to dismiss and granted the
6  motion on April 30, 2013.  (Dkt. No. 8).
7     Plaintiff now seeks to reopen his case, asking that this court
8  relieve him from the court's April 30 order under Federal Rule of
9  Civil Procedure Rule 60(b).  Rule 60(b) allows for such relief in
10 cases of "mistake, inadvertence, surprise, or excusable neglect."
11 Here, Plaintiff, represented by new counsel, has not shown that his
12 prior counsel's failure to file an opposition, or any other paper,
13 was inadvertent or excusable.  Rather, Plaintiff speculates that
14 prior counsel "was apparently distracted" by a bar investigation
15 against him.
16     While Plaintiff's former counsel's "distraction" may well have
17 caused him to neglect Plaintiff's case, such neglect was in no way
18 excusable.  Plaintiff's Motion to Reopen Case is, therefore,
19 DENIED.  Such denial shall not be read to have any effect, however,
20 on any remedies or claims Plaintiff may have against his former
21 counsel.

23 IT IS SO ORDERED.

26 Dated: October 10, 2013
27                                    DEAN D. PREGERSON
                                     United States District Judge

2